## EISENMAN *v.* THE STATE.

CRIMINAL LAW.—*Appeal from Justice of the Peace.*—*Arraignment.*—Where a defendant in a prosecution commenced before a justice of the peace for selling intoxicating liquor to an intoxicated person had been arraigned upon the affidavit before the justice, and had pleaded not guilty thereto, and had been tried and convicted, upon appeal by him to the circuit court further arraignment and plea were unnecessary.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing*, for appellant.

*C. A. Buskirk*, Attorney General, *R. D. Doyle*, and *O. B. Scobey*, Prosecuting Attorney, for the State.

WORDEN, J.—This was a prosecution against the appellant before a justice of the peace, for selling intoxicating liquor to a person who was, at the time, in a state of intoxication. Before the justice, the defendant was arraigned upon the affidavit, and pleaded not guilty thereto ; and, upon trial, was convicted. He appealed to the circuit court, where, upon trial, he was again convicted.

The only point made by counsel for the appellant is, that in the circuit court he was not arraigned, and did not plead to the affidavit. The record shows that in the latter court the

defendant appeared in person, as well as by attorney, and that the cause was submitted to the court for trial.

We need not decide what would have been the effect of a failure to formally arraign the defendant and require him to plead, had the prosecution originated in the circuit court. As the prosecution originated before a justice of the peace, and as the defendant was there arraigned and pleaded to the affidavit, any further arraignment and plea were entirely unnecessary.

The defendant was properly tried on the affidavit which was filed before the justice of the peace. *Wachstetter* v. *The State,* 42 Ind. 166; *O'Connor* v. *The State,* 45 Ind. 347. 'On this affidavit he had already been arraigned, and to it he had already pleaded.

The judgment below is affirmed, with costs.