## CLINE v. THE STATE.

[No. 3,442. Filed October 9, 1900.]

TRIAL.—*Improper Question Propounded by Judge.—Harmless Error.*—Where the defendant who is a witness in his own behalf answers an improper question asked by his own attorney, it is not reversible error for the trial judge to propound to the witness a question in line with the one previously asked by such attorney. *p. 333.*

CRIMINAL LAW.—*Appeal from Justice of the Peace.—Arraignment.*—Where a defendant has pleaded not guilty to a criminal charge before a justice of the peace, no other plea is required on appeal to the circuit or criminal court. *p. 334.*

Cline v. State.

CRIMINAL LAW.—*Appeal from Justice of the Peace.—Arraignment.*— Where one charged with a misdemeanor before a justice of the peace was tried and convicted upon a plea of not guilty, and thereafter appealed to the circuit court, the entertainment of a motion in the latter court to quash the affidavit does not operate as a withdrawal of the plea. *pp. 334, 335.*

JUSTICES OF THE PEACE.—*Correction of Transcript After Appeal.*— Clerical errors in a transcript on appeal from a judgment of a justice of the peace may be corrected by the justice after appeal. *p. 335.*

From the Delaware Circuit Court. *Affirmed.*

*P. D. Smith,* for appellant.

*W. L. Taylor,* Attorney-General, *E. M. White, Merrill Moores* and *C. C. Hadley,* for State.

WILEY, J.—Appellant was prosecuted and convicted before a justice of the peace for an assault and battery upon the person of one Catharine McDonald. From this judgment he appealed to the court below. Upon being arraigned before the justice of the peace, he entered a plea of not guilty. In the circuit court, without withdrawing his plea of not guilty, or without asking permission of the court to withdraw it, he moved to quash the affidavit. This motion was overruled, and without further plea he was put upon his trial before a jury, and was found guilty. His motion for a new trial was overruled, and a judgment of conviction was entered.

Overruling appellant's motion for a new trial is the only error assigned. But two questions are discussed by appellant's counsel: (1) Error of the court in propounding to appellant, when testifying in his own behalf, a certain question, and in requiring him to answer it, and (2) in permitting the justice of the peace before whom the case originated, and was tried, to amend the transcript certified by him, to show that on being arraigned appellant entered a plea of not guilty.

Appellant was manager of a corporation engaged in selling house furnishing goods, etc., on the instalment plan, and which had sold some goods to the prosecuting witness. His

defense rested upon the ground that the prosecuting witness had defaulted in making her payments, and that by reason of which, under the terms of the contract of sale, the vendor was entitled to take possession of the goods. It was for this purpose that appellant, in company with two other persons, went to the home of the prosecuting witness on the occasion when it is alleged that the assault and battery was committed.

Appellant was a witness in his own behalf, and in his examination in chief his counsel asked this question. "Mr. Cline * .* * you may tell the jury what you knew or heard of Mrs. McDonald being a quarrelsome or fighting woman prior to the day you went out there to retake this property?" To which he made the answer: "Well, one of my collectors told me that she said that we could not get the goods and that she would break anybody's head that come there after them. That was one thing." Thereupon, and immediately following this question and answer, the court asked the witness this question: "Then you had notice that they would not give you peaceable possession of the goods when you went there?" To which he replied: "She had told the collector that."

Appellant's counsel objected to the question, but did not state any grounds of objection. While it is not one of the duties of a trial judge to interrogate a witness, it is certainly his right and province to do so if he does it within due bounds and without violating the rules of evidence. The question propounded to the appellant by the trial judge, and of which complaint is made, was certainly as proper and pertinent an inquiry as that which immediately preceded it, for it was directly in line with it. The question asked by the judge and the response to it was but an elaboration of the subject-matter, to which appellant's own counsel had just called his attention by the question addressed to him and his response to it. Waiving the fact that counsel did not state the ground of his objection to the question, we are

clear that the trial judge did not transcend his authority in asking it, and that there was no error in his so doing.

Counsel next urge that the motion to quash the affidavit in the circuit court and the entertainment of the motion operated as a withdrawal of the plea of not guilty before the justice of the peace, and that as the motion was overruled, it was necessary for the appellant to plead again. It is upon this proposition that it is argued that the trial proceeded without a plea, and therefore the verdict was contrary to law. In support of this, our attention is called to the case of *Mentor* v. *People,* 30 Mich. 91; but the rule is different in this State. *Laycock* v. *State,* 136 Ind. 217.

A defendant in a criminal case might ask leave to withdraw his plea for the purpose of moving to quash the indictment or affidavit, pending his plea. The fact that he moves to quash without asking leave to withdraw, and without the court's granting such leave, can not be regarded as a withdrawal of his plea. In a prosecution before a justice of the peace, where the defendant pleads to the affidavit, in case of an appeal to the circuit or criminal court, no other plea is required. *Johns* v. *State,* 104 Ind. 557; *Weir* v. *State,* 115 Ind. 210.

If the record before us was silent on the question as to whether or not the appellant entered a plea of not guilty before the justice of the peace, it would not be a valid cause for reversal.

In the case of *Weir* v. *State, supra,* which originated before a justice of the peace, it was contended that the judgment should be reversed because the record did not affirmatively show that the appellant was arraigned in either the justice's or circuit court, or that a plea was entered in either court. It was held that it was not necessary in a prosecution originating before a justice of the peace that the record on appeal should affirmatively show the defendant was arraigned and that a plea was entered, either before the justice or in the circuit court. But here we have a record which

affirmatively shows that appellant was duly arraigned before the justice and entered a plea of not guilty, and though the justice's transcript was amended by him after the return of the verdict, by permission of the court, we are unable to see how appellant was prejudiced thereby. Clerical errors in a transcript on appeal from a judgment of a justice of the peace may be corrected by the justice after appeal. *Baker v. Chambers,* 18 Ind. 222, and authorities there cited. As there is no showing to the contrary, we presume that the correction to the transcript was made to correct a clerical error, so that the record might speak the truth. There does not seem to be any merit in appellant's contention.

Judgment affirmed.