**LEAHY v. KUNKEL, Warden.**

No. 406.

District Court, N. D. Indiana, South Bend Division.

Oct. 24, 1933.

Oliver M. Loomis, of South Bend, Ind., and Joseph J. Nagle, of Chicago, Ill., for petitioner.

John W. Kitch and Don F. Kitch, both of Plymouth, Ind., and Joseph P. McNamara, Asst. Atty. Gen., for respondent.

SLICK, District Judge.

Petitioner brings this action for a writ of habeas corpus charging that he has been deprived of rights guaranteed to him by article 4, § 2, of the Constitution of the United States, and of his liberty vouchsafed him under section 662 of title 18 of the United States Code Annotated.

The facts are stipulated and are briefly as follows: Petitioner was indicted by the grand jury of the Marshall county circuit court for bank robbery. He lives in Chicago. The sheriff of Marshall county, accompanied by one Indiana police officer and two police officers of the city of Chicago, arrested petitioner in Chicago without a warrant, took him to a detective bureau, and locked him up. Thereafter he was handcuffed and placed in the sheriff's car and driven to Indiana. At South Bend he was placed in jail over night and the next morning he was taken to Marshall county, where a warrant of arrest was read to him. He was then taken to the Marshall county circuit court, where bond was fixed, and upon his failure to give the bond fixed by the court, was delivered for safekeeping on order of the court to respondent, who is warden of the Indiana State Penitentiary at Michigan City, Ind. He then filed his petition for writ of habeas corpus in the Marshall county circuit court, which petition was by the judge thereof dismissed and his case set for trial.

Petitioner contends, not without logic, that having been arrested without right and forcibly taken from the state of Illinois to the state of Indiana—"kidnapped," in other words, with all the ugly terrifying meaning that word implies—he is entitled to be discharged, or at least returned to the state of Illinois.

There is no excuse for the conduct of the arresting officers and their procedure should not be commended. The Constitution of the United States, article 4, § 2, and the acts of Congress, section 662, title 18, United States Code Annotated, passed pursuant thereto, provide an orderly manner for extradition of persons charged with crime in one state, who have fled to another state. These constitutional and legislative provisions were designed to procure physical possession of an offender who has fled the jurisdiction of the court without irritation between states and without the necessity of one state invading the territory of an adjoining state with all the resultant violence and terrorism naturally attendant upon such invasion.

The Constitution, the bulwark of the nation's liberty, was written to "insure domestic tranquillity" as well as to "establish justice," and "domestic tranquillity" can best be insured by an orderly procedure in all judicial controversies.

■ There can be no doubt that the acts of the officers were wrong; were without the pale of judicial approval and should not be condoned or encouraged. But these officers are not before this court, and the only question up for decision is the alleged right of petitioner to be discharged because of the wrongful manner of his having been brought into court to answer the charge with which he stands indicted.

Fortunately, this very question has been before the United States Supreme Court in a number of cases. The two outstanding cases are Mahon v. Justice, 127 U. S. 700, 8 S. Ct. 1204, 32 L. Ed. 283, and Pettibone v. Nichols, 203 U. S. 192, 27 S. Ct. 111, 118, 51 L. Ed. 148, 7 Ann. Cas. 1047. In Mahon v. Justice, supra, the opinion is by Mr. Justice Field, and Mr. Justice Bradley and Mr. Justice Harlan dissented. This case was decided in 1888. Pettibone v. Nichols, supra, was decided in 1906. Mr. Justice Harlan wrote the opinion in that case and Mr. Justice McKenna dissented. In this case, Mr. Justice Harlan said: "It is settled that a party is not excused from answering to the state whose laws he has violated because violence has been done him in bringing him within the state. * * * The United States do not recognize any right of asylum in the state where a party charged with a crime committed in another state is found, nor have they made any provision for the return of parties who, by violence and without lawful authority, have been abducted from a state, and, whatever effect may be given by a state court to the illegal mode in which a defendant is brought from another state, no right secured under the Constitution and laws of the United States is violated by his arrest and imprisonment for crimes committed in the state into which he is brought." Citing Mahon v. Justice, supra, where he dissented from the majority opinion of the Supreme Court.

■ Petitioner is here seeking by the exercise of the extraordinary remedy of habeas corpus to prevent his trial in a state court on the ground that his apprehension and subsequent arrest were illegal, and for that reason no jurisdiction exists in the state court to put him to trial.

The law is well settled that a person charged with crime in one state, and who is found in and abducted from another state and brought into the state where he is indicted, is not entitled to be discharged upon habeas corpus in a District Court of the United States. Neither the Constitution nor the laws of the United States entitle such person to a discharge. Pettibone v. Nichols, 203 U. S. 192, 27 S. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047.

The Constitution of the United States does not guarantee the right of asylum to one who has committed a crime in one state and fled to another state. The right of the state of Illinois to demand of the state of Indiana the return of one of its citizens illegally taken from within its borders is a different question and need not be decided in determining the rights of petitioner who stands charged by indictment with a crime against the laws of Indiana.

As was said in one of the cases decided against petitioner's theory, if one has committed a crime against a state and has fled therefrom, the law is not particular as to the means or the method by which his return to the state against whose laws he has offended is obtained. No doubt this court has jurisdiction to discharge petitioner if the acts of the arresting officers render the exercise of jurisdiction by the circuit court of Marshall county over his person a violation of his constitutional rights. The decisions cited above in this opinion, and many others, hold, however, that his constitutional rights have not been violated. There is no emergency here. Petitioner has not been tried on the indictment pending in the circuit court of Marshall county. He may be found not guilty, and in such event no question would ever arise as to his rights secured under the federal Constitution. It is the duty of this court to presume that the circuit court of Marshall county will enforce, as it has power equally with this court to do, every right secured to petitioner by the federal Constitution.

The application for discharge is denied, and the petitioner is remanded to the custody of the respondent. Petitioner is granted an exception.