STATE EX REL. ADAMS *v.* HAMMITT, MAYOR OF THE CITY OF PORTLAND, INDIANA, ET AL.

[No. 27,224. Filed December 18, 1939.]

238

*Morton S. Hawkins,* and *Wheeler Ashcraft,* for relator.

*Omer S. Jackson,* Attorney General, and *Hubert E. Dirks,* Deputy Attorney General, for respondents.

TREMAIN, J.—The appellant was prosecuted by affidavit filed in the City Court of Portland, Indiana, charging a misdemeanor. He entered a plea of guilty on which judgment was rendered. He did not appeal therefrom. The record affirmatively shows that he was in the city court attempting to file a paper in the case three days after the judgment was rendered, and no excuse is shown why he did not pray an appeal. Eighteen days after the rendition of the judgment by the city court he filed an action in the Jay Circuit Court, in which he asked that court to mandate the city court to either set aside its judgment and permit appellant to withdraw his plea of guilty or grant an appeal to the circuit court. A demurrer was sustained to the complaint.

The city court is controlled by the same practice governing justices of the peace, Section 4-2402, Burns' Ind. St. 1933, and cannot entertain a motion for a new trial or to set aside its judgment in a criminal case. *Moore* v. *State ex rel. Clegg* (1880), 72 Ind. 358; *Steel* v. *Williams* (1859), 13 Ind. 73.

The statute does not permit an appeal to the circuit court after an elapse of ten days, Section 9-721, Burns' Ind. St. 1933.

Regardless of whether the plea of guilty was legally or illegally entered, the circuit court is without authority to mandate the city court to grant an appeal where it had not been demanded in the city court, or to require that court to set aside its judgment. Mandates issue against inferior courts to perform acts of a ministerial character. or to compel

the performance of a clear legal duty. *State ex rel. Cassel* v. *Johnston* (1933), 204 Ind. 563, 570, 185 N. E. 278, and cases there cited.

The appellant misjudged his remedy. He should have appealed to the circuit court within ten days after judgment and asked the circuit court to grant permission to withdraw his plea of guilty. Where an appeal is taken from the judgment of a justice of the peace or city court rendered on a plea of guilty to an affidavit charging a misdemeanor, the issue formed by the plea is not withdrawn by reason of the appeal. The only action to be taken in the circuit court under such circumstances is to assess the punishment. Upon a proper showing it would be the duty of the circuit court to permit the withdrawal of the plea of guilty. *Doench* v. *State* (1929), 89 Ind. App. 52, 165 N. E. 777; *Kane* v. *State* (1929), 89 Ind. App. 608, 167 N. E. 540; *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052.

The court properly sustained the demurrer to the complaint. Judgment is affirmed.