### DRURY *v.* STATE OF INDIANA.

[No. 28,026.   Filed February 14, 1945.]

*Paul Wever* and *Theodore Lockyear*, both of Evansville, for appellant.

*James A. Emmert*, Attorney General, *Frank Hamilton*, First Deputy Attorney General, and *Forrest. P. Jones*, Deputy Attorney General, for the State.

STARR, J.—An affidavit was filed in The City Court of the City of Evansville charging the appellant with assault and battery. He entered a plea of not guilty and was tried and convicted. He thereupon appealed to the Vanderburgh Circuit Court, which court permitted the filing, without the consent of appellant, of an "amended" affidavit charging the appellant with assault and battery with intent to kill, although the plea entered in the city court had never been withdrawn or in any way vacated or set aside. He was thereupon tried on the "amended" affidavit and was again convicted of assault and battery.

Whether the court below erred in permitting the filing of the "amended" affidavit is the only question presented.

The right to amend an affidavit is conferred by statute. Section 9-1124, Burns' 1942 Replacement, § 2186, Baldwin's 1934, permits the amendment of an affidavit in matter of substance or form at any time before the defendant pleads, while § 9-1133, Burns' 1942 Replacement, § 2132-1, Baldwin's Supp. 1935, provides: "The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

This amendment changed the crime sought to be charged, as the crime charged in said amended affidavit is a felony, while the one charged in the original affidavit is only a misdemeanor, § 9-101, Burns' 1942 Replacement, § 2009, Baldwin's 1934; *The State* v. *Hattabough* (1879), 66 Ind. 223. They are separate offenses. Without deciding whether such an amendment could be made under any state of facts over appellant's objection, certainly it was error to

allow same after appellant had interposed his plea. An amendment under § 9-1124, Burns' 1942 Replacement, § 2186, Baldwin's 1934, must be made before the defendant pleads. As the prosecution originated before The City Court of the City of Evansville, and as the appellant was there arraigned and pleaded to the affidavit, as affirmatively shown by the record, any further arraignment and plea was unnecessary, and the appellant should have been tried upon said affidavit which was filed before said city court. *Eisenman* v. *The State* (1875), 49 Ind. 520; *Doench* v. *State of Indiana* (1929), 89 Ind. App. 52, 165 N. E. 777.

*Eisenman* v. *The State, supra,* and *Doench* v. *State of Indiana, supra,* are cases which deal with appeals from a justice of the peace, but appeals from a city court are taken in the same manner as provided by law for appeals from a justice of the peace. Section 9-721, Burns' 1942 Replacement, § 2090, Baldwin's 1934; § 4-2403, Burns' 1933, § 11588, Baldwin's 1934.

In the case of *Malone* v. *State of Indiana* (1913), 179 Ind. 184, 100 N. E. 567, cited in appellee's brief, this court pointed out that "The record is silent and does not show that, at the time the prosecuting attorney was given permission to file an amended affidavit, appellant had pleaded to the charge against him either in the justice's court or the circuit court . . . To sustain appellant's contention, that the court's action was erroneous, it would be necessary for the record to show affirmatively that a plea had been made and not withdrawn prior to the action of the court granting permission to amend the affidavit." As heretofore indicated, the record herein does affirmatively show that appellant had interposed his plea.

Judgment reversed, with instructions that appellant

be held to trial on the affidavit on which he was tried in The City Court of the City of Evansville, and other proceedings not inconsistent with this opinion.

Note.—Reported in 59 N. E. (2d) 116.