ANDERSON .*v*. STATE OF INDIANA

[Nos. 28,665 and 28,666. Filed June 29, 1950.]

Jasper, J., not participating.

*Howard R. Hooper,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

EMMERT, C. J.—The appellant in each appeal was convicted of separate violations of the Liquor Control Act of 1935, as amended by Ch. 197 of the 1937 Acts, § 12-605, Burns' 1942 Replacement, and fined in the sum of $25 for each violation. The state has filed separate motions to dismiss each appeal.

The assignment of errors in each appeal charged, (1) error of the trial court in overruling appellant's motion in arrest of judgment, (2) error in the trial court overruling appellant's motion to quash the affidavit for and the search warrant, and return thereon, and (3) error of the trial court in overruling appellant's motion for a new trial.

A trial by jury was waived, and after trial by the court, the defendant was found guilty and judgment entered on June 30, 1949. The motion in arrest of judgment was not filed until September 8, 1949. No motion was made to set aside the judgment for the purpose of filing the motion in arrest of judgment. A motion in arrest of judgment must be filed before the entry of the judgment in order to present any question on appeal. Section 9-2001, Burns' 1942 Replacement; *Patton* v. *State* (1922), 192 Ind. 632, 135 N. E. 795; *Stapert* v. *State* (1924), 195 Ind.

338, 143 N. E. 587; *Ewbank's Indiana Criminal Law* 526, § 706 (2d Ed.)

Any error of the trial court in ruling upon the validity of a motion to quash the affidavit, the search warrant and return must be assigned as a cause for a new trial under the first clause of § 9-1903, Burns' 1942 Replacement. *Snyder* v. *State* (1933), 204 Ind. 666, 185 N. E. 507; *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183; *Mata* v. *State* (1932), 203 Ind. 291, 179 N. E. 916; *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163. The second assignment of errors presents no question here.

The motions for new trial were not filed until September 8, 1949. Section 9-1903, Burns' 1942 Replacement requires a motion for new trial "must be filed within thirty (30) days from the date of the verdict or finding" and further provides that motions "must be filed in open court, if the court be then in session; otherwise, it shall be filed with the clerk of the court." If the court is in vacation the motion must be filed with the clerk. *Ewbank's Indiana Criminal Law* 522, § 702 (2d Ed.). The motion did not allege any valid reason or excuse for not complying with the statute. See *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769; *State ex rel. Walker* v. *Youngblood* (1947), 225 Ind. 375, 75 N. E. 2d 551; *Walker* v. *State* (1948), 226 Ind. 552, 82 N. E. 2d 245. For the appellant's motion for a new trial to be considered by this court, it must have been filed not more than thirty (30) days after the finding. *Walker* v. *State, supra; Webster* v. *State* (1935), 209 Ind. 274, 198 N. E. 781.

The record does not disclose the appellant was denied any constitutional right, and the finding of the court in each case is sustained by sufficient evidence. We should not put the state to the additional expense of filing a brief on the merits when for

the reasons above discussed the result in each appeal would be an affirmance. Where no error has been presented to this court, on a motion to dismiss by the state the judgments may be affirmed. *Winters* v. *State* (1926), 199 Ind. 719, 154 N. E. 478; *Waggoner* v. *State* (1949), 227 Ind. 269, 85 N. E. 2d 642.

Judgments affirmed.

Jasper, J. not participating.

NOTE.—Reported in 93 N. E. 2d **201.**