## JEFFERS *v.* STATE OF INDIANA.

[No. 28,997.  Filed October 27, 1953.  Rehearing Denied December 4, 1953.]

*Randolph H. Mayes,* of Terre Haute, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Deputy Attorney General, for appellees.

DRAPER, J.—An affidavit was filed in the Vigo Circuit Court charging the appellant with burglary in the second degree. Trial by jury resulted in a verdict of guilty. His motion for new trial was overruled, and he appeals.

The affidavit as originally filed alleged a breaking and entry into the business house of the Firman Equipment Company with intent to steal, take and carry away the personal goods and chattels of that company. During the course of the trial the state moved the court to be allowed to amend the affidavit by interlineation by striking out the word "Company" and inserting the word "Corporation", changing the affidavit to read in part "Firman Equipment Corporation" instead of "Firman Equipment Company." The motion was sustained and the affidavit was ordered amended over the objection of the appellant. Appellant insists it was necessary to withdraw the affidavit for the purpose of amending it, and to refile the affidavit as amended, and the failure of the state to do so deprived the court of jurisdiction to proceed further.

Burns' 1942 Repl., §9-1133, pursuant to which the amendment was made, reads as follows:

> "The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or

identity of the defendant or defendants or of the crime sought to be charged."

Before reaching any question regarding the necessity of refiling the affidavit as amended we must determine whether the amendment could properly be made under §9-1133, *supra*. If an amendment is of the essence of the offense and alters the affidavit in a material respect, if it affects the substantial rights of the defendant, if the defense under the affidavit as originally written would not be equally available after the amendment is made, and any evidence the accused might have would not be equally applicable to the affidavit in the one form as in the other, then the amendment is as to substance and not form and §9-1133, *supra,* does not authorize it to be made. *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 270; *Edwards* v. *State* (1942), 220 Ind. 490, 44 N. E. 2d 304; *Dwigans* v. *State* (1944), 222 Ind. 434, 54 N. E. 2d 100; *Krauss* v. *State* (1947), 225 Ind. 195, 73 N. E. 2d 676; *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763; *Souerdike* v. *State* (1951), 230 Ind. 192, 102 N. E. 2d 367. And if the amendment is as to a matter of substance rather than form it cannot be made over the objection of the defendant after he has entered his plea regardless of any question of refiling. *Drury* v. *State* (1945), 223 Ind. 140, 59 N. E. 2d 116; *Way* v. *State* (1946), 224 Ind. 280, 66 N. E. 2d 608; *State ex rel. Kaufman* v. *Gould* (1951), 229 Ind. 288, 98 N. E. 2d 184.

In *State ex rel. Kaufman* v. *Gould, supra,* a question similar to the one before us was presented. In that case the state sought to file a second amended affidavit changing the name of the owner of stolen property from Interstate Loan "Company" to Interstate Loan "Corporation." The question presented was whether the amendment was one of sub-

stance or form. We there said that if by the amendment the *identity* of the owner of the property was changed, and if the change of the word "Company" to "Corporation" was the allegation of a *new or different party* as the owner of the property stolen, then the amendment would be one of substance and could not properly be made under §9-1133, *supra*. It was there pointed out that whether the change from company to corporation was one of substance or of form was a question that could only be decided upon a consideration of the evidence in the case and was a proper subject for review on appeal. It is, of course, obvious that the propriety of some amendments can be determined by a comparison of the affidavit as originally filed with the affidavit as amended, in which event it would be unnecessary to determine the question from a consideration of the evidence. In this case, as in that one, the question cannot be determined without a consideration of the evidence.

Here the evidence shows that the Firman Equipment Corporation owned and occupied the building in question and owned some of the stolen property. The corporation was also known as Firman Equipment Company and was so referred to by several of the witnesses, including the defendant himself. It is clear that the company and the corporation are one and the same. Under the rules above stated we hold that the amendment was one of form and not of substance and was properly allowable under §9-1133, *supra*.

Having decided that the amendment was proper, we have no difficulty in determining that it was not necessary to withdraw the affidavit for the purpose of amending it and to then refile it after it was amended. We think the question was, in effect,

decided by this court in *Dixon* v. *State* (1945), 223 Ind. 521, 62 N. E. 2d 629. In that case the state asked leave to amend an affidavit during the course of the trial by changing the alleged date of the commission of the offense. The proposed amendment went to the form and not the substance. The motion was sustained and the affidavit was amended accordingly. The affidavit was not resworn to and the trial proceeded without reswearing the witnesses or requiring the defendant to plead to the affidavit as amended. This court there said:

> "This statute (Burns' Stat., §9-1133) permitted this amendment and does not require that the affidavit be resworn to *or that any other formalities be complied with.*"

> . . .
>
> "Such amendment relates back to the time of the filing of the original affidavit, and if it occurs in the course of the trial the defendant need not plead again, the witnesses need not be resworn and the trial need not start anew, but may proceed *as though the affidavit, as originally filed, had been in the form it took after amendment.*" (emphasis supplied.)

In *Peats* v. *State, supra,* a motion was made to amend an indictment by changing the date of the death of the injured person. The motion was sustained and the court made an order striking out the date of death as originally alleged and changing the date to the correct date as shown by the evidence. No new indictment was filed. If statutory provisions concerning the recording of indictments and affidavits in a record book (Burns' 1942 Repl., §§9-904, 9-909) are followed, and if the court makes an order setting out the particulars in which the affidavit or indictment is amended, a permanent record of the pleading as filed and as amended will always be available.

The evidence discloses that the appellant and a companion, intending to steal personal property from the building in question and to sell it and to keep the  proceeds, arranged to get the watchman away from the premises for several hours. They then drove appellant's truck to the premises, broke open the door and started to load the truck. While loading they were interrupted by the police. The appellant escaped but was later arrested at his home. These facts stand undisputed. They are amply sufficient to sustain the verdict.

Judgment affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 114 N. E. 2d 880.