SMITH *v.* STATE OF INDIANA.

[No. 29,490. Filed June 26, 1957. Rehearing denied September 23, 1957.]

*Robert A. Mucker* and *Vernon E. St. John,* both of Lafayette, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

ACHOR, J.—The appellant was arrested by the Lafayette City Police on October 1, 1954 upon information that he had committed a misdemeanor by making an indecent exposure of his person in a public place in the City of Lafayette. The alleged crime was not committed in the presence of the officers and they had no warrant for his arrest. He was placed in jail and an affidavit charging him with public indecency was filed in Lafayette city court on October 2, 1954. Appellant was taken into court that same day and entered a plea of guilty and was sentenced.

On October 4, appellant, by attorney, appealed from this judgment to the Tippecanoe Circuit Court under §9-721, Burns' 1956 Replacement (Acts 1945, ch. 234, §1, p. 1081).

Thereafter, in the Tippecanoe Circuit Court, appellant filed a verified petition for leave to withdraw plea of guilty, which motion was overruled. Appellant then took an appeal to this court, which appeal was dismissed as no final judgment had been entered. See: *Smith* v. *State* (1956), 234 Ind. 691, 131 N. E. 2d 148.

Thereafter appellant filed in the Tippecanoe Circuit Court a motion for trial by jury, which motion was overruled. Thereupon the court found appellant guilty on his plea of guilty entered in the city court, sentenced him to a fine of $10.00 and to the Indiana State Farm for a period of 90 days.

Appellant has set out 14 points in his argument which, in substance, embraces but two questions: (1) Did the city court acquire jurisdiction of appellant, and (2) was appellant entitled to a trial *de novo* in the Circuit Court?

First, appellant asserts that the Circuit Court did not acquire jurisdiction greater than that of the inferior court and that the inferior court did not acquire jurisdiction by an illegal arrest. *The State* v. *Wenzel* (1881), 77 Ind. 428. We concur in this general rule of law. However, the rule is also well established that by entering a plea of guilty in the city court appellant waived his right to have a warrant served upon him and the court thus, by accused's own act, acquired jurisdiction of his person. *Ard* v. *State* (1887), 114 Ind. 542, 16 N. E. 504.

The law is now well established in this state and in the Federal Courts, as follows:

"... the jurisdiction of the court in which an information or indictment is found is not impaired by the manner in which accused is brought before 2. it; courts of criminal jurisdiction not being required to inquire as to how the prisoner came within reach of their mandates, the presence of accused in the court on a proper charge being sufficient to confer jurisdiction of his person thereon, even though he was arrested without a warrant contrary to law. . . ." 22 C. J. S. Criminal Law, §144, pp. 236-237. *Gardner* v. *State* (1903), 161 Ind. 262, 68 N. E. 163; *Pease* v. *State* (1920), 74 Ind. App. 572, 129 N. E. 337; *Leahy* v. *Kunkel* (1933), 4 F. Supp. 849.

Also in the case of *Frisbie* v. *Collins* (1951), 342 U. S. 519, 522, the Supreme Court through Justice Black stated the rule as follows:

"This Court has never departed from the rule announced in *Ker* v. *Illinois*, 119 U. S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

The city court of Lafayette had jurisdiction of the subject-matter of the action and acquired jurisdiction over appellant by his personal appearance and plea of guilty. Thereafter it was immaterial whether or not appellant was illegally arrested. *Ard* v. *State, supra.*

Secondly, we consider appellant's second contention that he was entitled to a trial *de novo* in the Tippecanoe Circuit Court, and that the court abused its discretion in refusing to permit appellant to withdraw his plea of guilty for that purpose.

Appellant's plea of guilty in the city court is tantamount to a confession of judgment of guilt and there is nothing from which an appeal may be taken except the measure of the punishment to be meted out. *State* v. *Schreiber* (1933), 35 Del. 424, 166 A. 669. Therefore, on an appeal from city court, the issues presented to the Circuit Court (of Tippecanoe County) are only those formed and appealed from under the pleadings in the city court.

In *Doench* v. *State* (1929), 89 Ind. App. 52, 165 N. E. 777, defendant pleaded guilty in Huntingburg city court to manufacturing intoxicating liquor and was fined $500 and sentenced to six months on the Indiana State Farm, from which judgment he appealed to the Circuit Court of Dubois County, where his application for leave to withdraw his plea of guilty was denied. On appeal to the Indiana Appellate Court it was held that the denial was proper. The Appellate Court set out the law on this point as follows:

"The only question for decision relates to the action of the court in refusing appellant leave to withdraw his plea of guilty entered in the city court. It is the law in this jurisdcition that where there has been a plea before a justice of the peace in a prosecution for a misdemeanor, no further plea is required in the circuit court on appeal. *Johns* v. *State* (1886), 104 Ind. 557, 4 N. E. 153; *Eisenman* v. *State* (1875), 49 Ind. 520; *Cline* v. *State* (1900), 25 Ind. App. 331, 58 N. E. 210. . . . such plea cannot be withdrawn without leave of court. *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33. Ordinarily, the granting of leave to withdraw a plea of guilty is within the sound

discretion of the trial court. Where it appears that the trial court has abused its discretion in denying an application to withdraw a plea of guilty, the court of appeal will review the ruling, but when it appears that the ruling on such an application is based on conflicting evidence, the appellate tribunal will not disturb the conclusion reached by the trial court. *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433."

The same result was reached on virtually the same state of facts in *Kane* v. *State* (1929), 89 Ind. App. 608, 167 N. E. 540.

This court ruled in the more recent case of *State ex rel. Adams* v. *Hammitt* (1939), 216 Ind. 237, 240, 24 N. E. 2d 30, that,

". . . Where an appeal is taken from the judgment of a justice of the peace or city court rendered on a plea of guilty to an affidavit charging a misdemeanor, the issue formed by the plea is not withdrawn by reason of the appeal. The only action to be taken in the circuit court under such circumstances is to assess the punishment. . . ."

That the issues are drawn by the pleadings in the city court is further borne out in the case of *Drury* v. *State* (1945), 223 Ind. 140, 59 N. E. 2d 116, where it was held that the state could not, over defendant's objection, amend the affidavit from a charge of assault and battery to one of assault with intent to kill. Unquestionably the state may not amend so as to change the crime charged after defendant has pleaded. But if a plea in city court is, as appellant herein contends, meaningless persiflage, subject to being withdrawn at the appellant's whim, then it is no plea at all and the state would have the right to amend at will, so long as appellant could plead over at will. This, the *Drury* case, *supra*, holds, is not the law.

In support of his contention that he is entitled to withdraw his plea of guilty and be tried *de novo*, appellant cites the case of *Smith* v. *State* (1956), 234 Ind. 691, 131 N. E. 2d 148, 150, in which case this court stated: ". . . A judgment appealed form a city court to a circuit court is not a final (appealable) judgment in the latter court, but is dependent upon a trial *de novo* in that court. . . . " However, appellant has misconstrued the effect of that isolated statement. The only question before this court in that case was whether or not the defendant could appeal when there was no final judgment. In that case the court was confronted by the fact that by reason of the appeal, the judgment of the city court was no longer in effect and the purported appeal was taken while the case was still pending in the circuit court. This court, in using the general expression *"trial de novo,"* was merely stating that all proceedings necessary to the determination of a final judgment in the circuit court are *de novo*. Except for cause shown, such proceedings are based upon the issues as formed in the city court, that is, in case the issues are formed by a plea of not guilty by a trial *de novo,* or if formed by a plea of guilty, sentencing *de novo*.

Under the circumstances here submitted the court did not abuse its discretion in refusing to permit the withdrawal of appellant's plea of guilty, and committed no error in sentencing appellant on his plea of guilty without first granting a trial *de novo*.

Judgment affirmed.

Arterburn, C. J., Emmert and Landis, JJ., concur.

Bobbitt, J., concurs with the result.

NOTE.—Reported in 143 N. E. 2d 408.