GREENE ET AL. *v.* TOWN OF BLOOMFIELD

[No. 19,447. Filed October 18, 1960.]

*Vosloh & Vosloh* and *K. Parker Vosloh,* of Bloomfield, for appellants.

*Hickam & Hickam,* of Spencer, *George E. Jackson,*

*James B. Sparks* and *John O. Moomaw,* all of Bloom-
field, for appellee.

PER CURIAM—It appears from the briefs and record
herein that the Board of Trustees of the Town of
Bloomfield, under the provisions of §48-4305, Burns'
1960 Cumulative Pocket Supplement, enacted certain
ordinances and took certain actions and proceedings for
the construction of a sewage works. Appellant and
apparently more than forty other owners of property
affected by the final construction order entered by said
Board filed therewith what is designated as a "Petition
objecting to the proposed sewage works for the Town
of Bloomfield, Indiana."

Thereafter the Clerk of said Town Board filed said
petition, with counterparts thereof with the Clerk of
the Greene Circuit Court. It appears from the record
that appellee, Town of Bloomfield, filed in said court a
motion to dismiss and strike out said petition, on the
ground that appellants' objecting petition was not
"timely filed." On the day set for argument on said ap-
pellee's Motion to Dismiss and Strike Out, the record
reflects that the "objectors" appeared by counsel and
filed their motion to dismiss and strike out said motion
of appellee to Dismiss and Strike Out. The court over-
ruled said motion of the "objectors" to strike appellee's
said Motion to Dismiss and Strike Out and "having
heard the evidence and being duly advised in the prem-
ises" found for the appellee and "against the objectors,"
that appellee's said motion to strike should be sustained
and said "objections and objecting petition should be
dismissed and stricken from the files." Consistent judg-
ment followed.

Thereafter, the "objectors," and each of them, moved
for a new trial on the grounds that the court erred in
overruling "objectors'" motion to dismiss and strike

out appellee's said motion; that the court erred in sustaining appellee's said motion to strike; that the court erred in dismissing and striking out "objectors' " petition and objections to said proposed Sewage Works; that the decision of the court is not sustained by sufficient evidence and is contrary to law; and that the court erred in admitting into evidence a designated exhibit of appellee. Said motion for a new trial was overruled.

Thereupon, the "objectors" prayed an appeal to this court and the court fixed the bond at $500.00. The "objectors" filed a bond executed by Robert D. Slinkard, J. J. Turner, D. W. Miles and Dwight Greene, as principals, and H. B. Turner, as surety. Said bond was approved by the court and the appeal of the "objectors" was granted by the court. Of the principals who executed said bond, the said Robert D. Slinkard, D. W. Miles, and Dwight Greene appear as signatories to said "objectors' " petition objecting to said proposed sewage works.

The "Praecipe for Complete Transcript" which appears in the record states that "The objectors" request the Clerk of the Greene Circuit Court to make a full, complete, true and correct transcript, etc.

On January 20, 1960, "Dwight W. Greene, et al., Objectors" tendered "Objectors' Bill of Exceptions" to the Judge of said court and prayed a settlement thereof which was done on the same day. On January 25, 1960, an assignment of errors was filed with the Clerk of this Court. The parties are designated in said assignment of errors thusly: "Dwight W. Greene et al., Objectors, Appellant, v. Town of Bloomfield, Appellee."

Appellee has filed herein its motion to dismiss this appeal or, in the alternative, to affirm the judgment appealed from. The only arguments advanced by the appellant for a reversal of the judgment appealed from

are (1) That the decision of the court is contrary to law because the objecting petition was filed by the objectors within the statutory time provided by §48-4305, Burns' 1960 Cumulative Pocket Supplement; and (2) That the decision of the court is not sustained by sufficient evidence because no plans, specifications or contracts were introduced in evidence. If the objectors' petition objecting to the proposed sewage works was not filed within the twenty (20) day statutory limitation, then the judgment must be affirmed without regard to any question of sufficiency of evidence adduced at the hearing thereon inasmuch as no petition or issue would be before the court warranting the introduction or reception of evidence relative thereto. In such event, the specification of insufficiency of evidence presents no question except as to whether or not said petition was timely filed. The record clearly discloses that said objectors' petition was not filed within twenty (20) days of the final order by the Board for the construction of the sewage works.

It appears from the record that the final order of construction, under the title of Ordinance No. 345, was approved and adopted by the Board of Trustees of the Town of Bloomfield on August 11, 1959, and objectors' petition objecting to the proposed sewage works, and each of the counterparts thereof, was filed on September 10, 1959. It follows that the result of this appeal can be only an affirmance of the judgment appealed from. This court may look to the record for affirmance of the judgment, Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §2783, and where it appears therefrom that the appeal can result only in an affirmance, there exists no reason to put the appellee to the expense of filing a brief on the merits. *Anderson* v. *State of Indiana* (1950),

228 Ind. 491, 493, 494, 93 N. E. 2d 201. Under the aforesaid circumstances, on appellee's motion to dismiss or affirm, the judgment may be affirmed, *Anderson* v. *State of Indiana, supra.*

Judgment affirmed.

NOTE.—Reported in 169 N. E. 2d 546.