## VANVACTOR v. STATE OF INDIANA.

[No. 30,713. Filed April 1, 1966.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

RAKESTRAW, J.—The defendant was charged in the Municipal Court of Marion County by affidavit with selling obscene literature. He entered a plea of guilty on September 28, 1964. A fine of fifty dollars was imposed and a thirty day sentence to the State Farm was also imposed. The defendant appealed to the Marion Criminal Court.

After some preliminary matters and a continuance, the case was submitted on the defendant's guilty plea in the Marion Criminal Court on December 4, 1964. The Marion Criminal Court imposed a fine of fifty dollars and costs and also imposed a sentence of ninety days at the State Farm. On December 4, the defendant filed a written prayer for appeal, a written praecipe for appeal, and requested the setting of an appeal bond.

On December 7, the defendant withdrew his notice of appeal and filed a motion in arrest of judgment. The motion in arrest of judgment was overruled by the trial court, and the overruling of the motion for arrest of judgment is the only specification in the defendant's assignment of errors on appeal.

In its brief, the appellee points out that a motion in arrest of judgment must be filed before judgment is entered. That has long been the law in this state. *Anderson* v. *State* (1950), 228 Ind. 491, 93 N. E. 2d 201; *Stapert* v. *State* (1924), 195 Ind. 338, 143 N. E. 587; Ewbanks Indiana Criminal Law § 515, p. 334 (Symmes Edition); *Smith* v. *State* (1894), 140 Ind. 343, 39 N. E. 1060.

In *Anderson* v. *State, supra,* the court further said:

"A trial by jury was waived, and after trial by the court, the defendant was found guilty and judgment entered on June 30, 1949. The motion in arrest of judgment was not filed until September 8, 1949. No motion was made to set aside the judgment for the purpose of filing the motion in

arrest of judgment. A motion in arrest of judgment must be filed before the entry of the judgment in order to present any question on appeal. Section 9-2001, Burns' 1952 Replacement."

Counsel for the defendant entered his appearance in the Marion Criminal Court on October 15, 1964, fifty days before judgment was rendered by the court. Since the defendant had entered a plea of guilty in the municipal court, the only remaining duty of the court on appeal was the imposition of judgment. *Smith* v. *State* (1957), 237 Ind. 244, 143 N. E. 2d 408; *State ex rel. Adams* v. *Hammit* (1939), 216 Ind. 237, 24 N. E. 2d 30.

Since the defendant had a period of fifty days within which to file a motion in arrest of judgment, and did not do so until after judgment was rendered, he has waived the matters raised in his motion in arrest of judgment.

The judgment of the trial court is therefore affirmed.

Myers, C. J., Arterburn, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 196.