LAWRENCE *v*. STATE OF INDIANA.

[No. 31,089. Filed April 4, 1968.]

*Alex M. Clark, Clark & Clark,* and *Richard C. Johnson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Assistant Attorney General, for appellee.

LEWIS, C. J.—The appellant was charged by affidavit in two (2) counts with the offense of Theft under the provisions of Burns' Indiana Statutes, Anno., (1966 Suppl.), §§ 10-3030(1)(a) and 10-3030(2)(a), and the offense of Conspiring to Commit a Felony under Burns' Indiana Statutes, Anno., (1956 Repl.), § 10-1101.

The jury returned a verdict of guilty of the crime charged in Count I of the affidavit which, omitting the formal parts thereof, reads as follows:

"That on or about the 17th day of August, 1965, at and in the County of St. Joseph, State of Indiana, one PAUL LaVERN [sic] LAWRENCE did then and there unlawfully, knowingly and feloniously obtain by deception, control over property, to-wit: one (1) heavy duty battery, of the value of Thirty-five and 00/100 ($35.00) Dollars, of the owner, to-wit; Humble Oil and Refining Company, located at 1031 East Washington Street, Indianapolis, Indiana, intending to deprive the owner permanently of the use and benefit of said property, contrary to the form of Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The verdict returned by the jury, omitting the caption and signatures, reads as follows:

"We, the jury, find the defendant guilty of the crime charged in Count I of the affidavit, Theft, by obtaining and exerting unauthorized control over property, and fix the defendant's penalty at a fine of $50.00 and imprisonment for a period of one year."

The Court, thereafter, entered judgment on the verdict, and judgment of the Court appears in the following language:

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED DECREED by the Court pursuant to the verdict of the jury that the defendant, Paul LaVern [sic] Lawrence, be and hereby is declared guilty of the crime charged in Count I of the affidavit, Theft, by obtaining and exerting unauthorized control over property, and that he be and hereby is fined in the sum of $50.00 and that he be and hereby is imprisoned for a period of one year."

It is to be noted that Count I of the affidavit charges the appellant of "unlawfully, knowingly and feloniously obtain[ing] by deception, control over property"; whereas, the verdict of the jury and the judgment on the verdict finds the defendant guilty of "obtaining and exerting unauthorized control over property."

A cursory reading of Burns' Indiana Statutes, Anno., (1967 Cum. Pocket Suppl.), § 10-3030, causes us to conclude that Count I of the affidavit was drafted under § 10-3030(b) which reads as follows:

"A person commits theft when he (1) knowingly:
(b) obtains by deception control over property of the owner or a signature to any written instrument; or"

The verdict of the jury and the judgment of the Court on such verdict obviously does not pursue the affidavit and § 10-3030(b) ; but, rather, pursues § 10-3030(a) which reads:

"A person commits theft when he (1) knowingly:
(a) obtains or exerts unauthorized control over property of the owner; or"

There is an irreconcilable inconsistency between the charge lodged, the verdict rendered, and the judgment on the verdict. The verdict is, therefore, contrary to law and this judgment is reversed with instructions to grant appellant's motion for a new trial.

Arterburn, Hunter, Jackson and Mote, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 198.