RICKI CHARLES MENTZER *v.* STATE OF INDIANA.

[No. 3-1172A83. Filed May 23, 1973.]

*Thomas L. Ryan,* Deputy Public Defender, *Barrie C. Tremper,* Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—The issue presented by this appeal is whether the judgment of conviction of appellant Ricki Charles Mentzer is contrary to law.

Mentzer was originally charged by affidavit which, omitting formal parts, reads as follows:

"That on or about the 20th day of October, A.D., 1971, at the County of Allen and in the State of Indiana, said Defendant, Ricki Charles Mentzer did then and there unlawfully, feloniously and knowingly commit the crime of theft in that he obtained control over property of Hoosier Wire & Die, Inc. 3233 South Lafayette Street, Fort Wayne, Allen County, Indiana, to wit: 93,868 carats of diamond dust of

the value of Seventy Eight Thousand Five Hundred Dollars ($78,500.00) and said defendant did use said property in such manner as to intend to deprive said Hoosier Wire and Die, Inc., of the use and benefit of said property, being contrary to the form of the statute in such case made and provided."

The cause was submitted to trial by a jury. After the prosecution had rested its case, Mentzer moved for a directed verdict. The crux of such motion was that the prosecution did not prove the crime charged. The motion for a directed verdict was overruled by the trial court and the prosecution was permitted, over objection, to amend the affidavit. The verdict of the jury under the amended affidavit is as follows:

"We, the Jury, find the defendant, Ricki Charles Mentzer, Guilty as charged."

Judgment was entered upon the verdict and Mentzer was committed to the Department of Corrections, Reception and Diagnostic Center for a period of not less than one year nor more than ten years. The timely motion to correct errors filed by Mentzer was overruled and this appeal followed.

On appeal, Mentzer contends that the trial court erred in overruling his motion for a directed verdict. The State argues that the amendment to the affidavit was one of form not of substance under the test set forth in *Jeffers* v. *State* (1953), 232 Ind. 650, at 652, 114 N.E.2d 880, at 881, as follows:

"If an amendment is of the essence of the offense and alters the affidavit in a material respect, if it affects the substantial rights of the defendant, if the defense under the affidavit as originally written would not be equally available after the amendment is made, and any evidence the accused might have would not be equally applicable to the affidavit in the one form as in the other, then the amendment is as to substance and not form and § 9-1133, *supra*, [IC 1971, 35-4-4-1, Ind. Ann. Stat. § 9-1133 (Burns 1956)] does not authorize it to be made." (Citing authorities.)

"Substance" is said to be that which is essential to the making of a valid charge of crime. *Souerdike* v. *State* (1951),

230 Ind. 192, 196, 102 N.E.2d 367. Where the language added by the amendment is the essence of the offense the amendment will not be allowed. *Jeffers* v. *State, supra. Marshall* v. *State* (1949), 227 Ind. 1, 83 N.E. 2d 763.

In the instant case, the affidavit before amendement read, in pertinent part, as follows:

"[On October 20, 1971] * * * Ricki Charles Mentzer did * * * commit the crime of theft in that he obtained control over the property of Hoosier Wire & Die, Inc. * * *."

After amendment, the affidavit read, in pertinent part, as follows:

"[On October 20, 1971] * * * Ricki Charles Mentzer did * * * commit the crime of theft in that he obtained *or exerted unauthorized* control over the property of Hoosier Wire & Die, Inc. * * *." (Emphasis supplied to show the portion added by amendment.)

The verdict of the jury, which was based on the affidavit, after amendment, convicted Mentzer of one of the crimes defined in IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns 1972 Cum. Supp.), specifically § 10-3030(1)(a), which reads as follows:

"Theft in general.—A person commits theft when he (1) knowingly:

(a) obtains or exerts unauthorized control over property of the owner; * * *."

However, from a reading of the original affidavit it is impossible to determine whether it was intended that Mentzer be charged under § 10-3030(1)(a), *supra,* above quoted, or § 10-3030(1)(f), *supra,* which provides as follows:

"Theft in general.—A person commits theft when he (1) knowingly:
* * *
(f) obtains control over stolen property knowing the property to have been stolen by another, which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred; * * *."

The above quoted subsections of § 10-3030, *supra,* have been held to be separate crimes, *i.e.,* larceny (§ 10-3030 (1) (a), *supra*), and receiving stolen property (§ 10-3030 (1) (f), *supra*). *Coates* v. *State* (1967); 249 Ind. 357, 229 N.E.2d 640.

In *Coates,* the crime charged by the affidavit was in the language of § 10-3030 (1) (f), *supra.* The evidence presented showed that the appellant stole the property himself as would be sufficient under § 10-3030 (1) (a), *supra.* Our Supreme Court held such variance to be a failure of proof and reversed the conviction of the appellant.

In *Lawrence* v. *State* (1968), 250 Ind. 161, 235 N.E.2d 198, the affidavit charged theft under § 10-3030 (1) (b), *supra.* The verdict of the jury and the judgment entered on the verdict were drafted in the language of § 10-3030 (1) (a), *supra.* Our Supreme Court held that there was an irreconcilable inconsistency between the charge lodged, the verdict rendered, and the judgment on the verdict. The verdict was held to be contrary to law and the judgment was reversed with instructions to grant appellant's motion for a new trial.

Here, had Mentzer been charged with "obtaining and exerting unauthorized control," and had it been argued that such language pursuant to § 10-3030 (1) (a), *supra,* was sufficiently broad to include the crime of obtaining possession of stolen property, we would have an entirely different problem. However, in the case at bar, the prosecution sought to limit the language of § 10-3030 (1) (a), *supra,* to merely "obtained control."

The record before us indicates that Mentzer initially sought to invoke the defense of an alibi. Where, as here, the alibi statute is invoked, time becomes of the essence when proving the crime charged. *Evans* v. *State* (1946), 224 Ind. 428, 68 N.E.2d 546; *Aikens* v. *State* (1972), 154 Ind. App. 36, 289 N.E.2d 152 (transfer denied). Thus, to prove the guilt of Mentzer under the affidavit proof had to have been presented that on October 20, 1971, Mentzer "ob-

tained control over the property of Hoosier Wire and Die, Inc." The charge was purely and simply one of larceny.

The evidence contained in the record (at the most) shows that Mentzer obtained control over stolen property knowing it to have been stolen. His conviction for theft might be affirmed had he been charged under § 10-3030(1) (f), *supra.* But under the evidence presented, his conviction under § 10-3030(1) (a), *supra,* must be reversed. Mentzer was tried under a charge of the wrong crime. *Coates* v. *State, supra.* Even assuming, *arguendo,* the language of § 10-3030(1) (a), *supra,* "obtaining or exerting unauthorized control" was broad enough to permit a prosecution for possession of stolen property, it cannot be argued but that the amendment in the instant case was one of substance, not of form.

The judgment of the trial court convicting appellant Ricki Charles Mentzer of the crime of theft is reversed with instructions to grant appellant a new trial.

Reversed with instructions.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 296 N.E.2d 134.