## NEDDERMAN v. STATE OF INDIANA.

[No. 25,113. Filed June 25, 1926.]

1. FALSE PRETENSES.—*Giving postdated check does not constitute false pretense as to any present fact.*—Giving postdated check under an agreement that it shall not be presented for payment until the day it is dated does not constitute a false pretense as to any present fact, such a check constituting a mere promise to have money in the bank at a future time. p. 188.

2. FALSE PRETENSES.—Evidence *held* insufficient to sustain conviction for issuing a check with insufficient funds for payment in violation of §2949 Burns 1926, §2589a Burns 1914. p. 189.

3. STATUTES.—*That part of the statute making it a felony to issue check to pay "any obligation" without sufficient funds in bank is not within title of act and, therefore, void.*—That part of §1, Acts 1913 p. 626, §2949 Burns 1926, §2589a Burns 1914, making it a felony to issue a check without sufficient funds in the bank on which it is drawn to pay "any obligation" of the issuer is not within the title of the act and is, therefore, unconstitutional as being in contravention of Art. 4, §19 of the state Constitution (§122 Burns 1926, §115 Burns 1914). p. 189.

4. STATUTES.—Under the provisions of Art. 4, §19 of the state Constitution (§122 Burns 1926), a statute is valid only so far as it relates to the subject expressed in the title and matters properly connected therewith. p. 189.

From Ripley. Circuit Court; *John R. Carney*, Judge.

John Nedderman was convicted of issuing a check without sufficient funds in bank to pay the same, and he appeals. *Reversed.*

*Wycoff & Wycoff*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, Deputy Attorney-General, for the State.

· PER CURIAM.—The affidavit on which appellant was prosecuted alleged that being indebted to the Dwiggins Wire Fence Company in the sum of $737.64 for goods theretofore purchased and received, he drew a check for that amount to the order of the company which was dated September 26, 1924, not knowing that he had,

as, in fact, he then did not have, sufficient funds in or credit with the bank on which it was drawn for the payment of such check. A motion to quash this affidavit was overruled and appellant excepted. The undisputed evidence was that the check was given on September 17, 1924, in payment of an account for goods he had purchased seven months before, of which he was already in possession; that it was dated ahead at the request of the company's agent to whom it was given, after defendant had told him he did not have the money to meet it; that on September 25, 1924, defendant telegraphed the company to "Hold check till Tuesday," and four days later wrote them to "Please hold it till I call you as I have some money coming in but did not get it in when I expected." That on October 15, 1924, the company sent the check for collection directly to the bank on which it was drawn, but the bank did not pay it because defendant had not sufficient funds there on deposit at any time after it was given. That he had been planning to sell some real estate and obtain money with which to meet it, but the purchaser "backed out." That defendant filed a "voluntary petition" two months later, and that this prosecution was commenced eight months after the check was given. The sufficiency of this evidence to sustain the verdict of guilty was duly challenged by a motion for a new trial.

It has been held that giving a postdated check under an agreement that it shall not be presented for payment until the day it is dated does not constitute a 1. false pretense as to any present fact, since there is no representation, express or implied, that the money is at that time in the bank with which to meet it, such a check constituting a mere promise to have money in the bank at a future time. *Brown* v. *State* (1906), 166 Ind. 85, 86, 76 N. E. 881, 8 Ann. Cas.

1068; *State* v. *Ferris* (1909), 171 Ind. 562, 564, 86 N. E. 993, 41 L. R. A. (N. S.) 173. Therefore, the attorney-general has very properly admitted, by a confession of errors, that the evidence in this case is not sufficient to sustain the finding of guilty.

And although the affidavit says nothing about the check being postdated, the attorney-general has also confessed error in overruling defendant's motion to quash the affidavit, admitting that so much of §2949 Burns 1926, §1, ch. 215, Acts 1913 p. 626, as purports to declare it a criminal offense to give a check "in payment of any obligation" is not within the title of the act, and therefore is unconstitutional. The title is, "An act making it unlawful to obtain money, merchandise, property, credit, or a thing of value by means of a check, draft, or order for the payment of money where the maker or drawer has not sufficient funds in or credit with (the) bank, depository, person, firm or corporation for the payment of same, providing a penalty for the violation thereof and declaring an emergency." Obviously, the provision in the body of the act that any person "who, *in the payment of any obligation,* shall make, draw, utter or deliver any check, draft or order for the payment of money on any bank * * * knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank * * * for the payment of such check * * * in full upon its presentation, shall, upon conviction, be fined * * * to which may be added imprisonment * * *" does not define an offense within that title, since the subject expressed in the title is obtaining money, merchandise, property, credit or thing of value by means of a check, etc., while the language quoted from the body of the act relates to giving such an instrument where nothing of value

is received at the time. And a statute is valid only as far as its provisions relate to the subject expressed in the title and matters properly connected therewith. Art. 4, §19, Constitution of Indiana, §122 Burns 1926.

Upon the confession of errors by the attorney-general, this judgment is reversed, with directions to sustain defendant's motion to quash the indictment.