## RUTHERFORD *v.* STATE OF INDIANA.

[No. 24,864. Filed May 25, 1927.]

FALSE PRETENSES.—*Part of statute relating to issuance of checks in payment of "any obligation" held void.*—That part of §2949 Burns 1926 which makes it a criminal offense to "make, draw, utter or deliver any check, draft or order" on any bank, depository, etc., for the payment of "any obligation" when the maker or drawer has not sufficient funds in or credit with such bank, etc., for its payment is unconstitutional and void because not within the title of the act.

From Marion Criminal Court (56,955); *James A. Collins,* Judge.

William C. Rutherford was convicted of issuing a fraudulent check in payment of "an obligation" in violation of §2949 Burns 1926, and he appeals. *Reversed.*

*Norman E. Patrick* and *Albert E. Schmollinger,* for appellant.

*Arthur L. Gilliom,* Attorney-General, for the State.

TRAVIS, C. J.—Appellant was convicted under an indictment which charged that he "did then and there unlawfully, feloniously, and knowingly, and with intent to defraud the Farmers and Traders State Bank, make, draw, utter and deliver, to said bank a certain false and fraudulent check of the Marion County State Bank for $288 in payment of an obligation of $288 owing by the said Indiana Bond and Mortgage Company to said Farmers and Traders State Bank, the said William C. Rutherford at the time knowing that the maker and drawer of said check did not then and there have sufficient funds in, or credit with, said Marion County State Bank for the payment of said check in full on presentation thereof."   §1, ch. 215, acts of 1913, §2949 Burns 1926.

Upon appeal appellant alleges that that part of said §1 of said chapter 215, *supra,* which makes it a public offense to commit an act as charged in the indictment at bar is unconstitutional. The statute in question and upon which this prosecution is based, defines two separate and distinct public offenses, the first being that "whoever with intent to defraud by obtaining money, merchandise, property, credit, or thing of value, although no express representation is made in reference thereto, . . . shall make, draw, utter or deliver any check, draft, or order for the payment of money upon any bank, depository, person, firm, or corporation, knowing at the time of such making, drawing, uttering, or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, depository, person, firm, or corporation, for the payment of such check, draft, or order in full upon its presentation, shall upon conviction, be fined," etc.; the second being, "who, in the payment of any obligation shall make, draw, utter, or deliver any check, draft, or order for the payment of money upon any bank, depository, person, firm, or corporation knowing at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, depository, person, firm, or corporation for the payment of such check, draft, or order in full upon its presentation, shall upon conviction be fined," etc.

The proposition of appellant is that the statute is in violation of Art. 4, §19, of the Constitution of Indiana (§122 Burns 1926) and makes the point that the title of the act is restrictive and in its field embraces only the first of the two offenses that the body of the act (§1) attempts to create; and that the second offense sought to be established by the act is not embraced within the title of the act.

The contention of appellant under his proposition is

not that the whole of §1 of the act is unconstitutional, but that part only which attempts to create an offense by making, drawing, uttering, or delivering any check, draft, or order for the payment of money "in the payment of any obligation." He is sustained in this position by the section of the Constitution alluded to (Art. 4, §19) which states, "But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." It is patent that the crime of issuing a fraudulent check "in payment of any obligation" as defined in §1 of the act, is not expressed in the title of the act, and therefore need not be discussed in this opinion. Neither is the crime as here charged under the act a matter properly connected with the subject of the act as expressed in the title. It therefore follows that the provisions of §1, *supra*, in so far as they relate to the definition of the offense of issuing a fraudulent check, etc, "in payment of any obligation" are unconstitutional and void. *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180, and cases there cited.

This statute was before the court only recently (*Nedderman* v. *State* [1926], 198 Ind. 187, 152 N. E. 800), where the question decided was whether giving a postdated check not to be presented for payment until the date of the check, does constitute false pretense under the statute, and which question was presented under the alleged error that the evidence was insufficient to sustain the verdict of guilty. But in the opinion it is stated that the attorney-general of the state also confessed error predicated upon the action of the trial court in overruling the defendant's motion to quash the affidavit which charged the crime. Admitting that so much of §1 of the act, *supra*, as purports to declare it a criminal offense to give a check "in payment of an

obligation," is not within the title of the act, it follows that that part of the section is not comprehended by the title of the act, is in violation of the Constitution, and therefore is unconstitutional. But this court did not decide this question, and therefore did not in that case hold that that much of §1 of the act, *supra,* was unconstitutional.

In the case at bar, other errors are alleged which challenge the sufficiency of the evidence to support the finding of the court, which alleged error is concurred in by the attorney-general under a confession of error. But, under the ruling of the court as made herein, it is unnecessary to decide the question. In the case at bar also, the attorney-general admits that the title of the act is restricted to the subject of the first offense named therein, but does not confess error upon this point. In the opinion of the court, so much of §1 of chapter 215, acts of 1913 (§2949 Burns 1926) as attempts to make it a public offense to make, draw, utter or deliver any check, draft or order for the payment of money upon any bank, depository, person, firm or corporation in the payment of any obligation, knowing at the time of such making, drawing, uttering, or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, depository, person, firm or corporation, for the payment of such check, draft or order in full upon its presentation is unconstitutional and void for the reason that it is in conflict with Art. 4, §19, Constitution of Indiana.

If that part of the statute upon which the affidavit which charges the offense is based is unconstitutional, the finding of guilty by the court is contrary to law, and appellant's motion for a new trial ought to have been sustained. The trial court is ordered to sustain appellant's motion for a new trial and to proceed further according to this opinion.

Judgment reversed.