## ROGERS *v.* STATE OF INDIANA.

[No. 27,688. Filed November 4, 1942.]

*David A. Myers,* of Greensburg, and *Raymond McCarty,* of Brookville, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *C. Ballard Harrison,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was charged in a criminal prosecution with issuing a fraudulent check, under § 10-2105, Burns' 1933, § 2749, Baldwin's 1934. This appeal is from a judgment of conviction.

Error properly assigned questions the sufficiency of the evidence.

The statute provides: "Whoever with intent to defraud by obtaining money, merchandise, property, credit, or thing of value, although no express representation is made in reference thereto, or who, in the payment of any obligation, shall make, draw, utter or deliver any check, draft or order for the payment of money upon any bank, depository, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds. . . ."

The affidavit upon which the appellant was prosecuted charges making, drawing, uttering and delivering of a fraudulent check "in the payment of an obligation." The evidence shows that the appellant delivered a check as cash payment for the purchase of a steer. Appellant contends that this is a fatal variance.

In *Rutherford* v. *State* (1927), 199 Ind. 231, 156 N. E. 559, the appellant had been convicted upon a charge of issuing a fraudulent check "in payment of an obligation." The judgment was reversed upon the ground that the title of the act was not broad enough to include the offense of issuing a fraudulent check in payment of an obligation. It is said in the opinion that the statute upon which the prosecution was based defines two separate and dis-

tinct offenses: (1) The issuing of a fraudulent check for the purpose of defrauding by obtaining money, merchandise, property, credit, or thing of value, and (2) the issuing of a fraudulent check in payment of an obligation. It was held that the second offense was not within the title of the act; that it was entirely separate and not properly connected with the subject of the act as expressed in the title. In *Nedderman* v. *State* (1926), 198 Ind. 187, 152 N. E. 800, the defendant was prosecuted upon an affidavit which alleged that, being indebted for goods theretofore purchased and received, he issued a fraudulent check in payment therefor. It was held that proof of the facts stated in the affidavit was insufficient to sustain a conviction, since the check was not given at the time the property was obtained, and the part of the statute making it an offense to give a fraudulent check in payment of a past obligation was unconstitutional because not within the title of the act. The statute has been amended and the title corrected to obviate the unconstitutionality pointed out in the cases cited, but the cases clearly hold that the giving of a check to obtain property and the giving of a check in payment of an obligation are separate and distinct offenses, and it necessarily follows that evidence of one is not sufficient to sustain a conviction of the other.

The appellant earnestly contends that the evidence is insufficient to show an intention to defraud, but, since the case must be reversed for the reason above pointed out, it is unnecessary to examine the evidence further.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 44 N. E. (2d) 343, 143 A. L. R. 1074.