## TULLIS *v.* STATE OF INDIANA.

[No. 28,826. Filed February 4, 1952.]

*James D. Lopp,* of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

GILKISON, C.J.—Appellant was charged by affidavit in the Vanderburgh Circuit Court with obtaining $200.00 in money by issuing a fraudulent check. The affidavit, omitting caption, signature and verification, is as follows:

"Joe Merritt being duly sworn upon his oath says that J. T. Tullis on or about the 9th day of

September A.D. 1950, at said County and State as affiant verily believes did then and there unlawfully and fraudulently, by color and aid of a check on the Citizens National Bank of Evansville, Evansville, Indiana, for the payment of money, in the words and figures following:

---

Evansville, Indiana, __9/9__ 1950__NO._____

THE CITIZENS NATIONAL BANK    $\frac{71\text{-}4}{863}$
    OF EVANSVILLE

PAY TO THE
ORDER OF _____$200.00

____TWO HUNDRED - - - 00/XX____DOLLARS

    Toot "N" Sell Rolling Gro.
    /s/ J. T. Tullis_____

---

did then and there obtain from Joe Merritt Two Hundred Dollars ($200.00) lawful and current money of the United States of America, in exchange for said check, when he the said J. T. Tullis, maker of said check, was not then and there entitled to draw on the said bank for the sum specified therein, and the said J. T. Tullis thereby intending to defraud the said Joe Merritt

"Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

After plea of not guilty the cause was tried by the court without the intervention of a jury, resulting in a finding of guilty as charged, and a judgment sentencing appellant to the Indiana Reformatory for not less than one year nor more than ten years and that he pay the costs. Sentence suspended during good behaviour on condition appellant make restitution of $200.00 within twenty days.

A motion for new trial timely filed for the causes that the finding is contrary to law, and that it is not sustained by sufficient evidence was overruled, and the appeal was taken.

The only assignment of error we are required to consider is the alleged error of the court in overruling the motion for new trial.

There is no conflict in the evidence. In substance it is as follows:

The prosecuting witness, Merritt, bought a "Rolling Grocery stock" from appellant for one thousand dollars which he paid appellant in cash on or about September 9, 1950. The next day, Sunday, they had a rue back agreement, the reasons for which are not material in this decision, and appellant paid the prosecuting witness back eight hundred dollars in cash and gave him his check, as copied in the affidavit, for two hundred dollars. This check was not honored by the bank. It remains unpaid.

The statute under which the affidavit is drawn is the first offense defined by §10-2105, Burns' 1942 Replacement. This section is as follows:

"Whoever with intent to defraud by obtaining money, merchandise, property, credit, or thing of value, although no express representation is made in reference thereto, or who, in the payment of any obligation, shall make, draw, utter or deliver any check, draft or order for the payment of money upon any bank, depository, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank, depository, person, firm or corporation, for the payment of such check, draft or order in full upon its presentation, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years: . . ."

We have heretofore held that §10-2105, Burns' 1942 Replacement, *supra,* defines two offenses, one for issuing a fraudulent check for the purpose of obtaining money, merchandise, property, credit or thing of value, the other for issuing a fraudulent check in payment of an obligation. No effort was made by the state to charge appellant with the second offense defined by the statute, making, drawing, uttering or delivering a check etc. "in payment of any obligation." *Rogers* v. *State* (1942), 220 Ind. 443, 44 N. E. 2d 343. In the Rogers case it is specifically held that proof of the delivery of a check for the purchase of property is not sufficient to authorize a conviction upon a charge of "issuing a fraudulent check 'in payment of an obligation.'" Of course, the converse must be true.

The evidence heretofore noted is definitely to the effect that the check, which is the basis of the prosecution, was given in payment of an obligation and not for the purpose of obtaining money. This evidence is not sufficient to sustain a conviction of a charge of issuing a fraudulent check to obtain money. There is a fatal variance amounting to a failure of proof between the averments of the charging affidavit and the evidence produced at the trial. *Rogers* v. *State, supra.* See also: *McGuire* v. *State* (1875), 50 Ind. 284, 286. *Thetge* v. *State* (1882), 83 Ind. 126.

The judgment is reversed with instructions to the trial court to sustain the motion for new trial.

NOTE.—Reported in 103 N. E. 2d 353.