## COATES v. STATE OF INDIANA.

[No. 30,886. Filed September 19, 1967.
Rehearing denied January 12, 1968.]

*Rice & Vanstone*, of Evansville, for appellant.

*John J. Dillon*, Attorney General, and *Kenneth M. Waterman*, Deputy Attorney General, for appellee.

HUNTER, C. J.—This is an appeal from a verdict of guilty on the charge of theft by obtaining control over stolen property under the Offenses Against Property Act, Ind. Anno. Stat. § 10-3030 (d), (Supp. 1967) (hereinafter referred to as the Theft Code) and the overruling of the appellant's motion for a new trial.

The main contention of error arises from the fact that the affidavit charged theft by obtaining control over property stolen by another under § 10-3030 (d), *supra*, while the proof shows (at the most) that appellant stole the property himself as would be sufficient under § 10-3030 (a). This raises a question of construction under the Theft Code. The appellant contends that this presents a failure of proof while the State contends that this is a variance which is not fatal. The problem of characterization is significant due to the different procedural methods by which trial

and appeal are effected. Normally a variance must be raised during trial and raised in the motion for a new trial. See *Madison* v. *State* (1955), 234 Ind. 517, 547, 130 N. E. 2d 35, 49 (Arterburn, J., the majority opinion as to variance), but see Emmert, J., dissenting as to variance issue and the proper manner for raising it, *id. at* 538-39, 130 N. E. 2d at 45. Furthermore, a failure of proof requires a reversal while a variance is not always fatal. *Madison* v. *State, supra.* See also, Note, *The Effect of a Variance Between the Pleading and the Proof in Indiana Criminal Procedure,* 32 Ind. L.J. 258 (1956).

Prior to the Theft Code, it was certain that proof of larceny under a charge of receiving stolen goods presented a failure of proof, as these were separate and distinct crimes. *Vinnedge* v. *State* (1906), 167 Ind. 415, 420, 79 N. E. 353 (embezzlement and larceny). However, the Theft Code creates the crime of theft defining it in various forms within several statutory provisions (§§ 10-3030, 3031, 3032, 3033). The old crimes of larceny, embezzlement, and receiving stolen property are now redefined as theft under § 10-3030, *supra.* The question is whether under the Theft Code there is one crime of theft in which case the facts at bar would present a variance situation, or whether there are various forms of theft with some of them being individual crimes in which case the facts at bar present a failure of proof.

We have found no express legislative intent on this matter. Other states which have recodified the common law based crimes against property into less complex and technical provisions, have made specific provisions to determine these procedural matters. California (which represents one of the earlier combinations) and New York included a provision that an indictment is sufficient in merely charging that the defendant stole property. Proof of any form of the crime is sufficient to support such a charge. See Cal. Pen. Code § 484 and § 952 (West Supp. 1966), N. Y. Revised Pen. Law § 155.45 (McKinney, 1966—effective Sept. 1, 1967). The New York provision is as follows:

"2. Proof that the defendant engaged in any conduct constituting larceny as defined in section 155.05 is sufficient to support any indictment, information or complaint for larceny other than one charging larceny by extortion."

Illinois has a code very similar to ours combining embezzlement, larceny, etc. into what appears to be a single crime of theft with multiple definitions. Ill. Stat. Anno. ch. 38, § 16-1 (Smith-Hurd 1964). As in our code, there is no provision which would indicate whether or not the various types of theft are to be considered as one crime from a procedural standpoint. We have found no Illinois case dealing with the problem of an indictment charging one form of theft with the evidence supporting another form of theft. In most cases it would seem that the prosecutors use multiple charges including most of the relevant definitions of theft.

Having no express legislative intent as in other states, we must decide this on another basis. In viewing other criminal provisions this Court has previously interpreted a single statutory section as providing multiple crimes. *Rogers* v. *State* (1942), 220 Ind. 443, 44 N. E. 2d 343; *Tullis* v. *State* (1951), 230 Ind. 311, 103 N. E. 2d 353. The language in the latter case is somewhat confusing wherein it is stated:

"There is a fatal variance amounting to a failure of proof between averments of the charging affidavit and the evidence produced at the trial." (Id. at 314)

However, it is quite clear that proof of different crimes presents a failure of proof rather than a variance situation.

In view of this line of cases, the fact that there is no clear legislative intent to the contrary, and the distinction between the two charges under § 10-3030(a) and (d), *supra,* we feel constrained to hold that these two sub-sections present two separate crimes. This should not be taken as a decision which is binding as to the remaining sub-sections of § 10-3030 or as to any of the remaining sections of the Theft Code.

Consequently, since the State charged the appellant under § 10-3030(d), *supra,* but proved only § 10-3030(a), *supra,* we have a failure of proof and the conviction must be reversed and the motion for a directed verdict should have been granted.

Judgment reversed.

Jackson, J., concurs in result.

NOTE.—Reported in 229 N. E. 2d 640.