JACK HOCHMAN *v.* STATE OF INDIANA.

[No. 1-1172A99. Filed August 28, 1973. Rehearing denied October 2, 1973. Transfer denied December 18, 1973.]

*Ronald D. Hughes,* of Bloomington, *Frederick J. Graf, Martz, Beattey, Hinds & Wallace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Hochman appeals from a conviction of sale of a dangerous drug in violation of IC 1971, 16-6-8-3; Ind. Ann. Stat. § 35-3333 (Burns 1969).

Hochman was charged by affidavit on two counts, reading in part as follows:

Count I. ". . . that JACK HOCHMAN on the 11th day of August, 1971, at and in said County and State aforesaid did then and there unlawfully, knowingly and feloniously sell to Paul Crider a dangerous drug, to-wit: a certain quantity of Psilocibin (sic). . . ."

Count II. ". . . that JACK HOCHMAN on the 11th day of August, 1971, at and in said County and State aforesaid did then and there unlawfully, knowingly and feloniously sell to Paul Crider a dangerous drug, to-wit: a certain quantity of lysergic acid diethlamide, (sic) commonly known as LSD. . . ."

At trial, it was proved that the substance transferred in the sale contained lysergic acid diethlyamide or LSD. No evidence was introduced showing the presence of psilocybin.

The judgment of the court reads in pertinent part:

". . . the Court now having heard evidence and arguments of counsel and now being duly advised in the premises finds the defendant Jack Hochman guilty of Count I of the approved affidavit, the same being a charge of sale and dispensing of 151 tablets containing a quantity of LSD, a dangerous drug under the laws of the State of Indiana; . . . the Court finds the defendant Jack Hochman not guilty of Count II of the approved affidavit."

Confusion results from the fact that sale of LSD was not charged under Count I of the affidavit. At sentencing, the court made its finding and commented as follows:

"The Court now finds against the defendant having found the defendant guilty to Count I of the affidavit filed in this Court on August 12, 1971, which charges the defendant with the sale of a quantity of Psilocibin; (sic) that proof was made at trial of the sale of a dangerous drug, to-wit; 151 tablets containing a quantity of LSD. *The Court finds that there was a variance in the affidavit as filed which the Court finds was not a material variance;* that the defendant does understand the nature of the charge brought and his legal rights in connection therewith; that the defendant's true age is twenty-one years; upon the Court's findings of the defendant guilty of the sale of a dangerous drug, to-wit: 151 tablets containing a quantity of LSD, . . ." (Our emphasis.)

Hochman argues in this appeal that he stands convicted of Count I of the affidavit charging sale of a dangerous drug, to-wit: psilocybin, but that the State totally failed to prove the charge. He further argues that lysergic acid diethylamide and psilocybin are not one and the same substance, and the charge of one followed by proof of the other, constitutes a fatal failure of proof.

At sentencing, the trial court found "that there was a variance in the affidavit. . . ." However, the counts in the

affidavit each clearly charge separate offenses, and the variance was in the proof of Count I.

We are constrained to agree with Hochman's contention that proof that he sold lysergic acid diethylamide cannot sustain a conviction under Count I, which required proof of sale of a different substance, to-wit: psilocybin.

A similar situation arose in *Tullis* v. *State* (1952), 230 Ind. 311, 103 N.E.2d 353, wherein defendant was charged with issuing a fraudulent check to obtain money, but the proof showed issuance of a fraudulent check for payment of an obligation. Although these similar offenses were defined under the same section of the statute, the court held that the evidence was not sufficient to prove the charge and that there was a fatal variance amounting to a *failure of proof* between the averments of the charging affidavit and the evidence produced at the trial.

Likewise, in *Coates* v. *State* (1967), 249 Ind. 357, 229 N.E.2d 640, the defendant was charged with theft by obtaining control over stolen property. The proof showed that the defendant had stolen the property himself. Both situations were covered by IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns 1972 Supp.), under the Offenses Against Property Act. Our Supreme Court held that these were two separate crimes and that the circumstances presented "a failure of proof rather than a variance situation."

In the case at bar the record wholly fails to show evidence of the crime of sale of a dangerous drug, to-wit: psilocybin.

Since defendant was found not guilty under Count II, charging sale of LSD, and there was a failure of proof under Count I, we are compelled to the unavoidable conclusion that defendant must be discharged. See IC 1971, 35-1-47-13, Ind. Ann. Stat. § 9-2324 (Burns 1956).

Judgment reversed and defendant ordered discharged.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 300 N.E.2d 373.