Joretta **ADDIS, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–1079A277.

Court of Appeals of Indiana,
Fourth District.

May 15, 1980.

Rehearing Denied July 8, 1980.

Howard S. Grimm, Jr., Grimm & Grimm, Fort Wayne, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Wesley Wilson, Gordon R. Medlicott, Deputy Attys. Gen., Indianapolis, for plaintiff-appellee.

CHIPMAN, Judge.

Joretta Addis brings this appeal from her conviction for criminal confinement, in violation of Ind.Code 35–42–3–3, contending the evidence was insufficient to support her conviction due to the State's failure (a) to prove each element of the offense beyond a reasonable doubt and (b) to present evidence of the commission of an offense subject to the criminal jurisdiction of Indiana. Mrs. Addis also alleges she was prejudiced and denied a fair trial by the admission of certain evidence.

Our review discloses reversible error occurred because there was a failure of proof upon the averments of the charging Information. While the evidence presented would have been sufficient to support a conviction under IC 35–42–3–3(a)(2), it is insufficient to sustain a conviction for violating IC 35–42–3–3(a)(1). The appellant was charged solely with nonconsensual confinement, an act which is contrary to IC 35–42–3–3(a)(1); she was never formally charged with committing the acts proscribed by section two of the statute.

Since it would be fundamental error to convict Joretta Addis of an offense with which she was never charged, and the evidence was insufficient to convict her of the act of criminal confinement as charged in the Information, we feel constrained to reverse Mrs. Addis' conviction.

Judgment reversed.

## FACTS

This action for criminal confinement arose because of Joretta Addis' failure to return her two children to the custody of their natural father when their visitation period with Mrs. Addis expired.

The record discloses when Mrs. Addis' prior marriage to Louis Rowland was dissolved in April 1975, Mr. Rowland was granted custody of the parties' two minor children, and appellant was afforded visitation privileges. Later, when Mrs. Addis moved from Fort Wayne, Indiana, to Florida the decree was amended to provide that she would have a twenty-eight day visitation period with the children each summer at her Florida residence. This visitation was to end the Sunday prior to Labor Day.

On August 7, 1978, Joretta Addis picked the children up for their summer visitation, and the three flew to Florida. Pursuant to the court order, the children should have returned to Fort Wayne September 3, 1978; this, however, did not occur. Instead, Mrs. Addis left Florida with the children, moving first to South Carolina and then to Ohio. The two children were not reunited with their father until October 27, 1978, when Mr. Rowland located them in Oregon, Ohio.

## DECISION

At the time the offense was allegedly committed, the criminal confinement statute, IC 35–42–3–3, provided:

"A person who knowingly or intentionally:

(1) Confines another person without his consent; or

(2) Removes another person, by fraud, enticement, force, or threat of force, from one place to another;

commits criminal confinement, a class D felony. . . . ."

It is evident this statute, framed in the disjunctive, embraces two distinct types of criminal confinement by encompassing both the concept of restraint in place and removal. West's AIC 35–42–3–3 note B. Small (1978); *see also Coates v. State*, (1967) 249 Ind. 357, 229 N.E.2d 640.

Under section one of the statute, the act of nonconsensual confinement is prohibited, irrespective of any intent to remove the individual to another location; thus, the elements of this first type of confinement would be:

(1) knowingly or intentionally,

(2) confining another person,

(3) without their consent.

But lack of consent is not an element of confinement under section two. Kerr, *Survey of Recent Developments in Indiana Law, I. Foreword: Indiana's Bicentennial Criminal Code*, 10 Ind.L.Rev. 1, 19 (1976). Instead, it would be necessary to show the accused:

(1) knowingly or intentionally,

(2) removed another person from one place to another,

(3) by fraud, or enticement, or force, or threat of force.

Clearly different acts and elements are required to be proven in each section, and the defensive posture would not be the same under the respective sections since the prosecution would necessarily proceed under different theories and proof. It follows that evidence of a violation of one of the two sections of the criminal confinement statute will not be sufficient to show a violation of the other section.

In view of the dissimilarity between the elements of proof under IC 35–42–3–3(a)(1) and (2), we believe the two sections present two separate crimes. This is consistent with cases wherein our Supreme Court reviewed other criminal statutes and held a single statutory section could, in fact, provide multiple offenses. *Sanford v. State*, (1971) 255 Ind. 542, 265 N.E.2d 701 (Although set forth within the same statute, forgery and uttering a forged instrument are separate and distinct crimes.); *Lawrence v. State*, (1968) 250 Ind. 161, 235 N.E.2d 198; *Coates v. State*, (1967) 249 Ind. 357, 229 N.E.2d 640 (Subsections of theft code relating to theft by the defendant and theft by obtaining control over properties stolen by another present two separate crimes.); *Rogers v. State*, (1942) 220 Ind.

443, 44 N.E.2d 343 (The giving of a check to obtain property and the giving of a check in payment of an obligation are separate and distinct offenses.); *see also Carson v. State*, (1979) Ind.App., 384 N.E.2d 620 (The offenses of abuse and cruelty to a child require completely different acts and elements to be proven.); *Mentzer v. State*, (1973) 156 Ind.App. 291, 296 N.E.2d 134. Thus, if the State charged Joretta Addis under section one but proved only section two, we would have a failure of proof, and her conviction must be reversed. *See Coates v. State, supra.*

The Information charging Mrs. Addis read, in pertinent part as follows:

> "That on or about the *4th day of September*, A.D., 1978, at the County of Allen and *in the State of Indiana*, said Defendant, *Joretta Addis did knowingly confine* Louis E. Rowland, age 10, and Michelle Rowland age 8, *without their consent* or the consent of Louis V. Rowland, the parent who has the legal custody of said children, by refusing to return said children to said parent with custody after expiration of the September 3, 1978, visitation period, . . . " (emphasis added)

Although not expressly stated, it is evident the Information charged the offense of nonconsensual confinement enunciated in IC 35–42–3–3(1)—but only that offense.

After reviewing the record of proceedings as well as both parties' appellate briefs, however, we are led to the inescapable conclusion Mrs. Addis was convicted for violating section two of the criminal confinement statute rather than section one. This was erroneous. "The law requires, . . ., that the State not only prove the offense for which a defendant is sentenced, but that

such offense be included in the charge made against him." *Allison v. State*, (1973) 157 Ind.App. 277, 299 N.E.2d 618, 622.

■ Although the State and the appellant in initially addressing the issue of sufficiency primarily confined themselves to whether the evidence was sufficient to convict Mrs. Addis under section two of the statute,[1] it would be a dereliction of our appellate responsibility if we were to do likewise. Even though not raised as error by the parties, we cannot close our eyes to the record before us and ignore a fundamental error;[2] nor can we permit ourselves to be led into error by the misdirected arguments of the parties.

> " '[T]he function of appellate review does not encompass a calculated search of the record to discover constitutional error; nevertheless, *once constitutional error is discovered while examining the transcript* or is brought to the Court's attention, *it can not be ignored. Fundamental constitutional guarantees are absolute and outside the discretion of any court to ignore or deny.*' " (emphasis added)

*Thompson v. State*, (1979) Ind., 389 N.E.2d 274, 277 *quoting Branan v. State*, (1974) 161 Ind.App. 443, 445, 316 N.E.2d 406, 408. And in *Sanford v. State*, (1971) 255 Ind. 542, 265 N.E.2d 701, Justice Givan, (now Chief Justice) noted, "[A]lthough we are not required to search the record for errors, we are not so restricted that we must close our eyes to what is clearly before us." 265 N.E.2d at 703.

■ It is a fundamental tenet of pleading criminal causes that the Information must set "forth the nature and the elements of the offense charged in plain and concise language . . . ." Ind.Code 35–3.1–1–

1. After this court discovered an apparent fundamental error, i. e., convicting the appellant of a charge never made, both parties were ordered by this court to submit supplemental briefs upon the issue of whether, in fact, there was a variance between the section of the criminal confinement statute with which Joretta Addis was charged and the section under which she was convicted. The appellant briefed the requested issue; the State, however, submitted a three page argument in which it related that

the 1979 amendment of the criminal confinement statute had not been applied to appellant. Consequently, we are without the benefit of the State's position upon whether Mrs. Addis was convicted of a charge never made.

2. It would be fundamental error to convict a criminal defendant upon a charge never made. *Bailey v. State*, (1974) 161 Ind.App. 91, 314 N.E.2d 755.

2; *see Wilson v. State*, (1975) 164 Ind.App. 665, 330 N.E.2d 356, 359. This precision in pleading, which is embraced within our constitution,[3] is designed to afford all criminal defendants the safeguards guaranteed by due process of law. To permit a "conviction upon a charge not made would be sheer denial of due process." *Thompson v. City of Louisville*, (1960) 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed.2d 654; *De Jonge v. State of Oregon*, (1937) 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278. As the United States Supreme Court in *Cole v. State of Arkansas*, (1948) 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644, explicitly stated:

"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. . . . It is as much a *violation of due process* to send an accused to prison following conviction of a charge on which he was never tried as it would be *to convict him upon a charge that was never made.*" (emphasis added)

333 U.S. at 201, 68 S.Ct. at 517.

It is no defense that this error was not presented to the trial court or argued by appellant in her initial appellate brief. We do not believe defense counsel's ineptitude is not calling to the court's attention the fact Joretta Addis was convicted upon a charge never made authorizes us to further perpetuate this error by reviewing whether the evidence was sufficient to support a conviction upon a charge never made. In *Young v. State*, (1967) 249 Ind. 286, 231 N.E.2d 797, faced with a similar situation in that in reviewing the question of sufficiency, our Supreme Court discovered fundamental error upon the face of the record which was not raised in the court below or by defense counsel on appeal, Justice Hunter clearly pronounced:

"However, as a court of review we cannot ignore a fundamental error apparent on the face of the record, *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848, for *one is not to be deprived of his liberty because of carelessness on the part of* the trial judge and of *defense counsel in failing to call to the attention of this Court a gross error* which offends our concepts of criminal justice." (emphasis added)

231 N.E.2d at 799. Thus, we cannot ignore a transgression of a defendant's fundamental rights even though not raised as error by defense counsel.

In the case at bar, the Information charged Mrs. Addis solely with nonconsensual criminal confinement. After she pleaded not guilty as charged in the Information, her trial was had to a jury which simply found her guilty of criminal confinement. Subsequently, in entering judgment and sentencing the appellant, the trial court adjudged her "guilty of criminal confinement as charged in the Information."[4] The evidence was, however, wholly insufficient

---

**3.** Article 1, Section 13 of the Indiana Constitution dictates that every criminal defendant, "shall have the right . . . to demand the nature and cause of the accusation against him, . . . ."

Similarly, the U.S.Const. Amend. VI provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; . . . ."

**4.** There would be no merit to any assertion that the Information was effectively amended to also include a charge under section two of the statute. The circumstances under which an Information may be amended are delineated in Ind.Code 35–3.1–1–5, which provides in part:

"(e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations."

Thus, while an Information may be amended to correct a defect or omission in form, no change may be made in the crime sought to be charged, 9 I.L.E. Criminal Law § 883, since this would be a change in substance rather than form. Consequently, throughout her trial, Mrs. Addis remained charged only with nonconsensual confinement.

to convict Mrs. Addis of nonconsensual confinement.

■ Our review of the record discloses the proof upon trial was directed almost exclusively to proving confinement by fraudulently removing the children from Indiana. The State's position was that Mrs. Addis had picked her children up ostensibly for their summer visitation, when, in fact, she was intending at that time to have them remain with her beyond the designated return day. This might well support a conviction under section two of the statute, but such evidence lends no support to a conviction for nonconsensual confinement.

■ On September 4, 1978, the date of the alleged confinement, neither Mrs. Addis nor the children were within the State of Indiana. What Mrs. Addis did on that date was fail to return the children to their father. All of her actions took place outside this state. We are of the opinion it would, indeed, torture the express language of the statute to hold Mrs. Addis' actions in Florida constituted a nonconsensual confinement subject to our jurisdiction. It appears none of the constituent elements of the charged offense took place in Indiana on September 4, 1978.

We do not dispute the State's allegations that the evidence here of record would support a conviction for criminal confinement, but not for the act of confinement charged; therefore, the judgment must be reversed.

Judgment reversed.

MILLER, P. J., and YOUNG, J., concur.