Emmanuel Dwayne BRANCH,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A04–0905–CR–265.

Court of Appeals of Indiana.

Dec. 17, 2009.

David M. Shaw, Evansville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary and Issue

Emmanuel Dwayne Branch challenges the sufficiency of the evidence supporting his conviction for failing to register as a sex offender, a class D felony. We affirm.

### Facts and Procedural History

On December 13, 2004, Branch was convicted of child abduction in St. Clair County, Illinois, and therefore is required under Indiana law to register as a sex offender. At the end of 2008, Branch came to Vanderburgh County, Indiana, and con-

tacted Vanderburgh County Deputy Sheriff Thomas Wedding. Deputy Wedding provided Branch with a sex offender registration form and suggested that Branch contact the United Caring Shelter in Evansville ("United Caring"), a shelter that accepts sex offenders. On December 1, 2008, Branch began residing at United Caring. On December 2, 2008, he completed the sex offender registration form and wrote down United Caring's address as his "Home Address." State's Ex. 1.

Branch resided at United Caring until December 11, 2008. Thereafter, Branch stayed different places, never staying more than four consecutive days in any one place. Branch did not report in person to inform Deputy Wedding of the change of his address. On January 13, 2009, Deputy Wedding was performing his annual verification check of the sex offender registry and learned that Branch was no longer residing at United Caring.

On January 14, 2009, the State charged Branch with class D felony failure to register as a sex offender. The trial court found Branch guilty as charged.

### Discussion and Decision

■ Branch challenges the sufficiency of the evidence supporting his conviction. Our standard of review for such claims is well settled:

> [W]e neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. It is the job of the factfinder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and

we consider conflicting evidence most favorably to the trial court's ruling.

*Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005) (citations and quotation marks omitted).

■ Branch's claim implicates several statutory provisions. The State charged Branch as follows:

> [O]n or about January 13, 2009, Emmanuel Branch, a sex offender by having been previously convicted of Child Abduction in St. Clair County, Illinois, . . . did knowingly fail to register a change of address and/or change of employment as required under I.C. 11–8–8–11, contrary to the form of the statutes in such cases made and provided by I.C. 11–8–8–17(a)(1)[.]

Appellant's App. at 8. Indiana Code Section 11–8–8–17(a)(1) provides that "[a] sex or violent offender who knowingly or intentionally . . . fails to register when required to register under this chapter . . . commits a Class D felony." Indiana Code Section 11–8–8–11(a) reads,

> If a sex or violent offender who is required to register under this chapter changes:
>
> (1) principal residence address;
>
> . . .;
>
> the sex or violent offender shall report in person to the local law enforcement authority having jurisdiction over the sex or violent offender's current principal address or location . . . not more than seventy-two (72) hours after the address change.

"Principal residence" is defined as

> the residence where a sex or violent offender spends the most time. The term includes a residence owned or

leased by another person if the sex or violent offender:

(1) does not own or lease a residence; or

(2) spends more time at the residence owned or leased by the other person than at the residence owned or leased by the sex or violent offender.

Ind.Code § 11–8–8–3. Finally, " 'register' means to report in person to a local law enforcement authority and provide the information required under section 8 of this chapter." Ind.Code § 11–8–8–4.

Branch argues that in January 2009, he did not have a principal residence, and therefore the registration requirements of Indiana Code Section 11–8–8–11(a) are inapplicable. Instead, he argues, he was homeless and, as such, his registration requirements were governed by Indiana Code Section 11–8–8–12(c), under which he was *not* charged. *See Addis v. State,* 404 N.E.2d 59, 63–64 (Ind.Ct.App.1980) ("To permit a 'conviction upon a charge not made would be sheer denial of due process.' ") (quoting *Thompson v. City of Louisville,* 362 U.S. 199, 206, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960)); *see also* Ind.Code § 35–34–1–2 (requiring indictment or information to set forth "the nature and elements of the offense charged in plain and concise language").

Indiana Code Section 11–8–8–12 governs registration when the sex offender resides in a temporary residence or is homeless, and provides as follows:

(a) As used in this section, "temporary residence" means a residence:

(1) that is established to provide transitional housing for a person without another residence; and

(2) in which a person is not typically permitted to reside for more than thirty (30) days in a sixty (60) day period.

(b) This section applies only to a sex or violent offender who resides in a temporary residence. In addition to the other requirements of this chapter, a sex or violent offender who resides in a temporary residence shall register in person with the local law enforcement authority in which the temporary residence is located:

(1) not more than seventy-two (72) hours after the sex or violent offender moves into the temporary residence; and

(2) during the period in which the sex or violent offender resides in a temporary residence, at least once every seven (7) days following the sex or violent offender's initial registration under subdivision (1).

(c) A sex or violent offender who does not have a principal residence or temporary residence shall report in person to the local law enforcement authority in the county where the sex or violent offender resides at least once every seven (7) days to report an address for the location where the sex or violent offender will stay during the time in which the sex or violent offender lacks a principal address or temporary residence.[1]

(d) A sex or violent offender's obligation to register in person once every

---

1. Branch asserts that subsection (c) fails to provide "fair warning" because subsection (b) states, *"This section* applies only to a sex or violent offender who resides in a temporary residence." (Emphasis added.) We need not address this argument because we conclude that Indiana Code Section 11–8–8–12 is inapplicable to Branch's case. However, Indiana Code Section 11–8–8–12(b) should probably read, *"This subsection* applies only to a sex or

seven (7) days terminates when the sex or violent offender no longer resides in the temporary residence or location described in subsection (c). However, all other requirements imposed on a sex or violent offender by this chapter continue in force, including the requirement that a sex or violent offender register the sex or violent offender's new address with the local law enforcement authority.

Branch's argument that he was homeless focuses on the time period *after* he left United Caring. However, to determine which statute governs his registration requirements, we must begin with his stay at United Caring. The State asserts that United Caring was Branch's principal residence, and Branch effectively concedes this point. *See* Appellant's Br. at 4 (acknowledging that he resided at United Caring, was properly registered there, and

would have had to register only once a year had he remained there).[2] Thus, Branch had registered a principal residence address. We observe that Indiana Code Section 11–8–8–11(a) requires a sex offender to "report in person to the local law enforcement authority having jurisdiction over the offender's current principal address or location" if the offender *changes* principal residence address. Although Branch did not have a new principal residence, his principal residence address did change, in that United Caring was no longer his principal residence. Thus, Branch was required to register the change of his principal residence address within seventy-two hours pursuant to Indiana Code 11–8–8–11.[3] His admitted failure to do so is sufficient evidence to support his conviction.

Affirmed.

---

violent offender who resides in a temporary residence." Our legislature may wish to revise this language.

2. The dissent declares that "Branch unequivocally asserted that he 'fell into' what he refers to as the 'third category' of reporting requirements for persons without either a 'principal residence' or a 'temporary residence.'" Op. at 1287 (quoting Appellant's Br. at 4–5). We agree that such is his claim *after* he left United Caring. *See* Appellant's Br. at 2 and 3 ("In January, 2009 Emmanuel Branch was homeless."). He does not argue that he was homeless when he lived at United Caring.

If United Caring had been considered a temporary residence, Branch would have been required to report and register every seven days pursuant to Indiana Code Section 11–8–8–12(b). Branch resided at United Caring from December 1 to December 11, 2008. Since Branch registered the United Caring address on December 2, 2008, he would have had to register again on December 9, 2008, if it were considered a temporary address. No one has suggested that he was required to do so.

3. Had Branch registered the change of his principal residence address, and the circumstances were otherwise the same, then Indiana Code Section 11–8–8–12(c) would govern his situation, requiring him to report in person every seven days. Branch argues that Indiana Code Section 11–8–8–12(c)'s requirement that an offender "report in person ... at least once every seven (7) days to report an address" is not the same as the requirement to register as defined in Indiana Code Section 11–8–8–4. Further, according to Branch, although Indiana Code Section 11–8–8–17(a)(1) criminalizes the failure to register, it does not criminalize the failure to report. We observe that Indiana Code Section 11–8–8–4 states that " 'register' means to *report in person* [.]' " (Emphasis added.) In addition, Indiana Code Section 11–8–8–11(a) also uses the phrase "report in person" instead of register. We are unable to discern any reason why the legislature would wish to treat the failure to comply with the requirements in Indiana Code Sections 11–8–8–11(a) and 11–8–8–12(c) differently from the failure to comply with the other requirements of chapter 8. Therefore, we are unpersuaded by Branch's argument. Nevertheless, the legislature may wish to revisit chapter 8 to clarify this language.

VAIDIK, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting with separate opinion.

I respectfully dissent. Branch was charged and convicted of failing to register a change in address "as required under I.C. 11–8–8–11," which is the subsection applying our State's sex offender registry to persons with a "principal residence." (Appellant's App. p. 8). The majority's opinion acknowledges that Branch identified the United Caring Shelter as his "Home Address." (State's Ex. 1). However, Branch never identified United Caring Shelter as his "principal residence." Indeed, there is no place on the form which he used to report for him to designate whether the place he was then staying was a "principal residence," "temporary residence," or just a transitional place because the individual is homeless and has neither a "principal residence," or a "temporary residence," which could be helpful considering the distinction between the reporting requirements acknowledged in the majority opinion. (Appellant's App. pp. 60–61).

Branch stayed at United Caring Shelter for only eleven days. This short stint at United Caring Shelter is not sufficient to prove that it was his "principal residence," and upon review the record I find a lack of sufficient evidence proving that United Caring Shelter was ever his "principal residence." The majority opinion asserts that "Branch effectively concedes [the] point" that United Caring Shelter was his principal residence in his Appellant's Brief. Op. at 1286. To the contrary, Branch unequivocally asserted that he "fell into" what he refers to as the "third category" of reporting requirements for persons without either a "principal residence" or a "temporary residence." (Appellant's Br. pp. 4–5 (citing I.C. § 11–8–8–12(c))). Since the charging information did not reference the proper statutory section applying to Branch, I would conclude that his conviction cannot stand. *See Addis v. State*, 404 N.E.2d 59, 63–64 (Ind.Ct.App.1980) ("To permit a 'conviction upon a charge not made would be sheer denial of due process.'").